# In the United States Court of Federal Claims

No. 20-373
Filed: September 14, 2020

|  |  |
|---|---|
| EDGAR PERRY, et. al. | ) )  ) |
| Plaintiff, | ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

**SMITH, Senior Judge**

      On March 26, 2020, plaintiffs Edgar Perry and Isa Perry, proceeding *pro se*, filed a complaint with this Court, requesting that the Court "force [those] responsible[] to pay claims." Complaint at 2, ECF No. 1 [hereinafter Compl.]. Upon review of the appended documents, plaintiffs are requesting payment from the following entities: (1) the "U.S. Highway Safety Administration Agency," (2) the Internal Revenue Service ("IRS"), and (3) the "Director Employee Security Administration." Compl., Doc. 3–5. On June 5, 2020, defendant filed its Motion to Dismiss pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), requesting that the Court dismiss the Complaint for lack of jurisdiction. Defendant's Motion to Dismiss for Lack of Jurisdiction at 1, ECF No. 9 [hereinafter Def.'s MTD]. Specifically, defendant argues that the Complaint "fails to allege a non-frivolous taking claim, fails to identify any specific money-mandating statute or regulation as a source of substantive right to money damages, and fails to allege the existence of any express or implied-in-fact contract with the United States, as required by the Tucker Act." *Id*. On July 10, 2020, plaintiffs filed their Response to defendant's Motion to Dismiss, titled "Motion of Appeal," requesting that the Court allow plaintiffs to introduce evidence. Motion of Appeal at 1, ECF 10 [hereinafter P.'s Resp.]. Defendant did not file a Reply, which the Court construes as a voluntary waiver of the same. This case is now fully briefed and ripe for review.

      This Court has jurisdiction over claims—not sounding in tort—against the United States that are founded upon the Constitution, an Act of Congress, an executive department regulation, or an express or implied contract with the United States. See 28 U.S.C. § 1491(a)(1) (2018). The Tucker Act is merely a jurisdictional statute, however, and "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Accordingly, to fall within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citations omitted).

"Jurisdiction is a threshold matter that must be resolved before the Court can take action on the merits." *Remote Diagnostic Techs. LLC v. United States*, 133 Fed. Cl. 198, 202 (2017) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).  In determining whether subject-matter jurisdiction exists, the Court will treat factual allegations in the complaint as true and will construe those allegations in the light most favorable to the plaintiff.  *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014) (citations omitted).  Further, pleadings from *pro se* litigants are held to more lenient standards than pleadings drafted by lawyers.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); see also *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  "Despite this permissive standard, a *pro se* plaintiff must still satisfy the court's jurisdictional requirements."  *Trevino v. United States*, 113 Fed. Cl. 204, 208 (2013), aff'd, 557 F. App'x 995 (Fed. Cir. 2014) (citations omitted).  *Pro se* or not, plaintiff still has the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims.  *Alston-Bullock v. United States*, 122 Fed. Cl. 38, 40 (2015); see also *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017).

Upon review, the Court finds that it has no authority over plaintiff's case, and therefore must grant defendant's Motion to Dismiss pursuant to RCFC 12(b)(1).  Plaintiffs are requesting payment from the following entities: (1) the "U.S. Highway Safety Administration Agency," (2) the Internal Revenue Service ("IRS"), and (3) the "Director Employee Security Administration."  Compl., Doc. 3–5.  After an extensive review of plaintiffs' claims, the Court understands plaintiffs' allegations as the following: (1) that the "U.S. Highway Safety Administration Agency" failed to force Honda to repair their vehicle, (2) that the IRS was engaged in "false advertising" and "overstepped its jurisdiction" because "the Obama Program was to make people go crazy," and (3) that the Lincoln Financial Group would not allow them to take out more than two loans.  *Id*.  "Tucker Act jurisdiction is based upon actions involving the following: (1) contracts with the United States; (2) illegal exactions of money by the United States; and (3) money-mandating constitutional provisions, statutes, regulations, or executive orders."  *Spencer v. United States,* 98 Fed. Cl. 349, 355 (2011) *(*citing *United States v. Mitchell,* 463 U.S. 206, 212–18, (1983)).  The Court finds that plaintiffs' allegations clearly do not fall within the Tucker Act's jurisdiction, and, as such, it grants defendant's Motion to Dismiss pursuant to RCFC 12(b)(1).

For the reasons set forth above, defendant's MOTION to Dismiss is hereby **GRANTED**.  Accordingly, plaintiff's Complaint is **DISMISSED** without prejudice for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1).  The Clerk of the Court is hereby directed to enter judgment consistent with this Opinion.

**IT IS SO ORDERED.**

*Loren A. Smith*
Loren A. Smith, Senior Judge